1  RANDY S. GROSSMAN
   Acting United States Attorney
2  George V. Manahan
   Assistant U.S. Attorney
3  California Bar No. 239130
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Tel: (619) 546-7607
   Fax: (619) 546-7751
6  Email: george.manahan@usdoj.gov

7  Attorneys for the United States

8              **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  MIRANDA KORIN RIVERA,              Case No.: **'21 CV 1472 L    BLM**

12              Plaintiff,             STATE   COURT   PLEADINGS   FILED
                                       PRIOR TO REMOVAL
13       v.
                                       (Removed from Superior Court of California,
14  MERCHANTS AUTOMOTIVE GROUP         County of San Diego, Case No. 37-2020-
15  INC,, et al.,                      00016275-CU-PA-CTL)

16              Defendants.

17

18       PLEASE TAKE NOTICE that the following pleadings originally filed in the Superior

19  Court of California, County of San Diego, Case No. 37-2020-00016275-CU-PA-CTL are

20  hereby filed with the Court:

21

| ROA # | Date Filed | Document | Page Number |
|-------|-----------|----------|-------------|
| 1 | 5/26/2020 | Complaint | 3 |
| 3 | 5/26/2020 | Summons | 12 |
| 30 | 7/14/2021 | Answer filed by Fox Rent A Car, Inc. | 13 |
| 33 | 7/22/2021 | Answer filed by Merchants Automotive Group, Inc. | 18 |
| 34 | 7/22/2021 | Answer filed by Glenn L. Dyer Jr. | 23 |

DATED:    August 18, 2021                        Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney


s/ George Manahan
George Manahan
Assistant United States Attorney
Email: george.manahan@usdoj.gov
Attorneys for the United States

1  Bobby Saadian, Esq. SBN: 250377
2  Colin M. Jones, Esq. SBN: 265628
   Daniel B. Miller, Esq. SBN: 302503
3  Vy T. Nguyen, Esq. SBN: 260950
   WILSHIRE LAW FIRM
4  3055 Wilshire Blvd., 12th Floor
   Los Angeles, California 90010
5  Tel: (213) 381-9988
   Fax: (213) 381-9989
6  Lit@wilshirelawfirm.com

7  Attorneys for Plaintiff, MIRANDA KORIN
   RIVERA
8

9              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                       COUNTY OF SAN DIEGO

11

12  MIRANDA KORIN RIVERA, an          CASE NO.: 37-2020-00016275-CU-PA-CTL
    individual;
13
                                      COMPLAINT FOR DAMAGES:
14              Plaintiff,
                                        1.  NEGLIGENCE
15       vs.
                                        2.  NEGLIGENCE *PER SE*
16  MERCHANTS AUTOMOTIVE GROUP
    INC., a corporation; GLENN L. DYER  DEMAND FOR JURY TRIAL
17  JR., an individual; FOX RENT A CAR
    INC., a corporation; DOES 1 through 50,
18  inclusive.
19
                Defendants.
20

21       COMES NOW Plaintiff MIRANDA KORIN RIVERA, who respectfully alleges the

22  following:

23                       **GENERAL ASSERTIONS**

24       1.      This is an action for personal injury arising out of the actions of the

25  Defendants, which occurred on or about June 28, 2018 and which proximately caused

26  serious injury to Plaintiff MIRANDA KORIN RIVERA.  The negligent acts and

27  omissions of the Defendants as herein alleged took place in or about the city of San

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd., 12th Floor
Los Angeles, CA 90010-1137

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
05/26/2020 at 08:00:00 AM
Clerk of the Superior Court
By Yvette Mapula, Deputy Clerk

1  Diego, in the County of San Diego, State of California. Accordingly, venue within this

2  judicial district is proper.

3      2.      At all times relevant herein, Plaintiff MIRANDA KORIN RIVERA was a

4  resident of the City of San Diego, County of San Diego, State of California.

5      3.      Plaintiff is informed and believes, and based upon such information and

6  belief alleges that at all times relevant herein, Defendant GLENN L. DYER JR. was

7  an individual over the age of 18 and a resident of Shapleigh, County of York, State of

8  Maine.

9      4.      Plaintiff is informed and believes, and based upon such information and

10  belief alleges that at all times relevant herein, Defendant MERCHANTS

11  AUTOMOTIVE GROUP INC. was a Company authorized to do business in, and doing

12  business in, the City of Los Angeles, County of Los Angeles, State of California.

13      5.      Plaintiff is informed and believes, and based upon such information and

14  belief alleges that at all times relevant herein, Defendant FOX RENT A CAR INC. was

15  a Company authorized to do business in, and doing business in, the City of Los

16  Angeles, County of Los Angeles, State of California.

17      6.      The true names and/or capacities, whether individual, corporate,

18  associate or otherwise of the Defendants DOES 1 through 50, inclusive, and each of

19  them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious

20  names pursuant to Code of Civil Procedure § 474.  Plaintiff is informed and believes

21  and thereon alleges that each of these Defendants fictitiously named herein as a DOE

22  is legally responsible, negligent or in some other actionable manner liable for the

23  events and happenings hereinafter referred to, and proximately and legally caused the

24  injuries to Plaintiff as hereinafter alleged.  Plaintiff will seek leave of the Court to

25  amend this Complaint to insert the true names and/or capacities of such fictitiously-

26  named Defendants when the same has been ascertained.

27  ///

28  ///

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7.    Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto, each Defendant, including DOES 1 through 50, was the owner, servant, agent, joint-venturer, employee or employer of each of its co-Defendants, and in doing the acts hereinafter mentioned, each Defendant was acting within the scope of its authority and with the permission and consent of its co-Defendants, and each of them, and that said acts of each Defendant was ratified by said Defendant's co-Defendants, and each of them and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant as an agent, employee and/or joint venturer.

8.    Plaintiff is informed and believes, and based upon such information and belief alleges that all of the acts, conduct, and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate or business defendant, were authorized, ordered, and directed by the respective defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers, officers, directors and/or managing agents had advance knowledge of, authorized, and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of the aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers, directors and/or managing agents respectively ratified, accepted the benefits of, condoned and approved of each and all of said acts, conduct or nonfeasance of their co-employees, employers, and agents. In addition, at all times herein relevant, each defendant, whether named herein or designated as a DOE, was a principal, master, employer and joint venturer or every other defendant, and every defendant was acting within the scope of said agency authority, employment and joint venture.

9.    On or about June 28, 2018, Plaintiff MIRANDA KORIN RIVERA was traveling southbound along Midway Drive, in the City of San Diego.

3

14. Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant GLENN L. DYER JR. failed to properly check for the presence of other vehicles on the right or left side of Defendant's vehicle, failed to properly check the side-view mirrors, failed to properly look over his or her shoulder, failed to properly signal prior to beginning the turning movement, and failed to wait until such movement could be made with reasonable safety. Further, Defendants knew, or in the exercise of reasonable care should have known, that failing to perform the above referenced tasks created an unreasonable risk of injury to the Plaintiff and others similarly situated.

15. Moreover, Defendant GLENN L. DYER JR. knew, or in the exercise of reasonable care should have known, that there was a vehicle traveling along the side of Defendant's vehicle. In proceeding to change lanes despite actual or constructive knowledge of the existence of vehicles constituting an immediate hazard Defendant GLENN L. DYER JR. created an unreasonable risk of injury to Plaintiff and others similarly situated.

16. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant GLENN L. DYER JR. was operating the subject vehicle with the express or implied authority and permission of Defendant MERCHANTS AUTOMOTIVE GROUP INC., as an agent or employee of Defendant MERCHANTS AUTOMOTIVE GROUP INC., and within the course and scope of his agency or employment with Defendant MERCHANTS AUTOMOTIVE GROUP INC.. Further, Defendant MERCHANTS AUTOMOTIVE GROUP INC. knew or should have known that Defendant GLENN L. DYER JR. was unfit to operate the subject vehicle and was therefore negligent in hiring, retaining, training, and entrusting the subject vehicle to Defendant GLENN L. DYER JR. .

17. Further, Plaintiff is informed and believes, and based upon such information and belief alleges that Defendant GLENN L. DYER JR. was operating the subject vehicle with the express or implied authority and permission of Defendant FOX

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

1    RENT A CAR INC.,  as an agent or employee of Defendant FOX RENT A CAR INC.,

2    and within the course and scope of his agency or employment with Defendant FOX

3    RENT A CAR INC.. Further, Defendant FOX RENT A CAR INC. knew or should have

4    known that Defendant GLENN L. DYER JR.  was unfit to operate the subject vehicle

5    and was therefore negligent in hiring, retaining, training, and entrusting the subject

6    vehicle to Defendant GLENN L. DYER JR. .

7        18.    As a direct, legal, and proximate result of the negligent acts and/or

8    omissions of Defendants GLENN L. DYER JR. , MERCHANTS AUTOMOTIVE

9    GROUP INC., FOX RENT A CAR INC., and DOES 1 through 50, inclusive and each

10    of them, Plaintiff suffered severe injuries and attendant damages.

11        19.    As a further direct, legal and proximate result of the combined and

12    concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained

13    loss and damages within the jurisdiction of the Superior Court of California, including,

14    but not limited to severe and permanent injury to the body and nervous system of

15    Plaintiff.

16        20.    In addition, as a direct, legal, and proximate result of the combined and

17    concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the

18    following loss and damages within the jurisdiction of the Superior Court of California.

19            a.  Medical, ambulance and incidental expenses, in an amount to be

20                established at the time of trial according to proof;

21            b.  Economic loss, including but not limited to loss of wages and salary

22                expectancy in an amount to be established at the time of trial according

23                to proof;

24            c.  Loss or damage to tangible personal property, in an amount to be

25                established at the time of trial according to proof; and

26            d.  Pre-trial interest, in an amount to be established at the time of trial

27                according to proof.

28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

## SECOND CAUSE OF ACTION

### Negligence *Per Se*

*[Against all Defendants]*

21.    Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the preceding paragraphs, inclusive, of the General Assertions and the First Cause of Action above.

22.    California Vehicle Code § 22107 is a statute enacted to protect, among others, motorists on California highways from collisions between vehicles and damage resulting therefrom.  California Vehicle Code § 22107 states in pertinent part: "No person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety and then only after the giving of an appropriate signal in the manner provided in this chapter in the event any other vehicle may be affected by the movement."

23.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants GLENN L. DYER JR.  and DOES 1 through 50, inclusive and each of them, violated California Vehicle Code § 22107 by turning from a direct course of travel when such movement could not be made in reasonable safety and without giving an appropriate signal in the manner provided in the California Vehicle Code.

24.    California Vehicle Code § 21658(a) is a statute enacted to protect, among others, motorists on California highways from collisions between vehicles and damage resulting therefrom.  California Vehicle Code § 21658(a) states in pertinent part: "A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from the lane until such movement can be made with reasonable safety."

25.    Plaintiff is informed and believes, and based upon such information and belief alleges that Defendants GLENN L. DYER JR.  and DOES 1 through 50, inclusive and each of them, violated California Vehicle Code § 21658 by failing to drive

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

7

1  entirely within a single lane and moving from the lane when the movement could not
2  be made in reasonable safety.

3      26.    Plaintiff is informed and believes, and based upon such information and
4  belief alleges that at all times herein mentioned the Plaintiff was a member of the class
5  of persons designed to be protected by the aforementioned vehicle code sections, that
6  the subject collision was within the class of risks for which the aforementioned vehicle
7  code sections were enacted to protect against, that Defendant GLENN L. DYER JR. 's
8  violation of said vehicle code sections was inexcusable, and that the violation of said
9  vehicle codes was a direct, legal, and proximate cause of the injuries and damages
10  complained of herein.

11      27.    Further, Plaintiff is informed and believes, and based upon such
12  information and belief alleges that Defendant GLENN L. DYER JR. was operating the
13  subject vehicle with the express or implied authority and permission of Defendant
14  MERCHANTS AUTOMOTIVE GROUP INC., as an agent or employee of Defendant
15  MERCHANTS AUTOMOTIVE GROUP INC., and within the course and scope of his
16  agency or employment with Defendant MERCHANTS AUTOMOTIVE GROUP INC..
17  Further, Defendant MERCHANTS AUTOMOTIVE GROUP INC. knew or should have
18  known that Defendant GLENN L. DYER JR. was unfit to operate the subject vehicle
19  and was therefore negligent in hiring, retaining, training, and entrusting the subject
20  vehicle to Defendant GLENN L. DYER JR. .

21      28.    Further, Plaintiff is informed and believes, and based upon such
22  information and belief alleges that Defendant GLENN L. DYER JR. was operating the
23  subject vehicle with the express or implied authority and permission of Defendant FOX
24  RENT A CAR INC., as an agent or employee of Defendant FOX RENT A CAR INC.,
25  and within the course and scope of his agency or employment with Defendant FOX
26  RENT A CAR INC.. Further, Defendant FOX RENT A CAR INC. knew or should have
27  known that Defendant GLENN L. DYER JR. was unfit to operate the subject vehicle
28

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

8

1   and was therefore negligent in hiring, retaining, training, and entrusting the subject

2   vehicle to Defendant GLENN L. DYER JR. .

3       29.   As a direct, legal, and proximate result of the negligent acts and/or

4   omissions of Defendants GLENN L. DYER JR. , MERCHANTS AUTOMOTIVE

5   GROUP INC., FOX RENT A CAR INC., and DOES 1 through 50, inclusive and each

6   of them, Plaintiff suffered severe injuries and attendant damages.

7       30.   As a further direct, legal and proximate result of the combined and

8   concurrent wrongful conduct of all of the Defendants, Plaintiff suffered and sustained

9   loss and damages within the jurisdiction of the Superior Court of California, including,

10  but not limited to severe and permanent injury to the body and nervous system of

11  Plaintiff.

12      31.   In addition, as a direct, legal, and proximate result of the combined and

13  concurrent wrongful acts of the Defendants, Plaintiff suffered and sustained the

14  following loss and damages within the jurisdiction of the Superior Court of California.

15      a.  Medical, ambulance and incidental expenses, in an amount to be

16          established at the time of trial according to proof;

17      b.  Economic loss, including but not limited to loss of wages and salary

18          expectancy in an amount to be established at the time of trial according

19          to proof;

20      c.  Loss or damage to tangible personal property, in an amount to be

21          established at the time of trial according to proof; and

22      d.  Pre-trial interest, in an amount to be established at the time of trial

23          according to proof.

24

25  WHEREFORE, Plaintiff MIRANDA KORIN RIVERA hereby prays for judgment

26  against all Defendants and each of them as follows:

27      1.   For repayment of all special damages incurred, including, but not limited

28  to all past and future wage loss, hospital and medical expenses.

WILSHIRE LAW FIRM, PLC
3055 Wilshire Blvd, 12th Floor
Los Angeles, CA 90010-1137

9

COMPLAINT FOR DAMAGES

1      <u>**DEMAND FOR JURY TRIAL**</u>

2          Plaintiff demands a trial by jury in this action.

3

4      DATED: May 6, 2020                          **WILSHIRE LAW FIRM**

5

6

7                                          By: _____
                                               Vy T. Nguyen, Esq.
8                                              Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MERCHANTS AUTOMOTIVE GROUP INC., a corporation; GLENN L. DYER JR.,
an individual; FOX RENT A CAR INC., a corporation; DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MIRANDA KORIN RIVERA, an individual;

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/26/2020** at 08:00:00 AM

Clerk of the Superior Court
By Yvette Mapula, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Courthouse

330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2020-00018275-CU-PA-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bobby Saadian, Esq; Wilshire Law Firm; 3055 Wilshire Blvd, 12th Fl, Los Angeles, CA 90010; 213-381-9988

| DATE: *(Fecha)* | 05/28/2020 | Clerk, by *(Secretario)* | Y. Mapula | , Deputy *(Adjunto)* |
| --- | --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   John H. Everett, Esq. (Bar No. 95120)
LAW OFFICES OF JOHN H. EVERETT
2   600 West Broadway, Suite 1200
San Diego, California 92101
3   Telephone:  (619) 294-2200
Facsimile:  (619) 294-2300
4

5   Attorneys for Defendant, FOX RENT A CAR, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/14/2021** at 03:58:00 PM

Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

6

7

8                 SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF SAN DIEGO – CENTRAL DIVISION

10

| | |
|---|---|
| 11   MIRANDA KORIN RIVERA, | )   Case No.:  37-2020-00016275-CU-PA-CTL |
| 12        Plaintiff, | )   Judge:  Hon. John S. Meyer |
| 13       vs. | )   Dept   C64 |
| 14   MERCHANTS AUTOMOTIVE GROUP, | )   **DEFENDANT, FOX RENT A CAR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
|     INC., a corporation; GLENN L. DYER, JR., | ) |
| 15   an individual; FOX RENT A CAR, INC., a | ) |
|     corporation; and DOES 1-50, inclusive, | )   Complaint Filed:  05/26/20 |
| 16 | ) |
| 17       Defendants. | ) |

18         COMES NOW Defendant, FOX RENT A CAR INC., and answering the unverified

19   Complaint herein, for itself alone and no other defendant, admits, denies and alleges as

20   follows:

21         Under the provisions of §431.30 of the California <u>Code of Civil Procedure</u>, this

22   answering defendant denies each and every allegation and all of the allegations of said

23   Complaint, and the whole thereof, and further expressly denies that as a direct or

24   proximate result of any act or omission on the part of this answering defendant, plaintiff

25   sustained injury or damage in the amount alleged, in any amount, or at all.

26   ///

27   ///

28

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each Cause of Action thereon fails to state facts sufficient to constitute causes of action as to this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

If plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault and unlawful conduct of the plaintiff, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

If plaintiff suffered or sustained any damage or injury either as alleged in the Complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

### FOURTH AFFIRMATIVE DEFENSE

The action of plaintiff is barred by the applicable Statute of Limitations including, but not limited to, Code of Civil Procedure §335.1 and §338.

### FIFTH AFFIRMATIVE DEFENSE

The right of Plaintiff to recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to this answering Defendant pursuant to California Code of Civil Procedure §1431.1 through §1431.5. As such Plaintiff is barred and precluded from recovery against this answering Defendant for any noneconomic damages except those allocated in direct proportion to the percentage of fault allocated to answering Defendant.

///

///

1

### SIXTH AFFIRMATIVE DEFENSE

2
3

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17150.

4

### SEVENTH AFFIRMATIVE DEFENSE

5
6

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17151.

7

### EIGHTH AFFIRMATIVE DEFENSE

8
9

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17152.

10

### NINETH AFFIRMATIVE DEFENSE

11
12

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17153.

13

### TENTH AFFIRMATIVE DEFENSE

14
15

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the holding in Witt v. Jackson (1961) 57 C.2d 57.

16

### ELEVENTH AFFIRMATIVE DEFENSE

17
18

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Code of Civil Procedure §389(a), (b).

19

### TWELFTH AFFIRMATIVE DEFENSE

20
21
22
23
24

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the holding in Interinsurance Exchange v. Spectrum Investment Corp. (1980) 209 Cal.App.3d 1243; Mercury Casualty Company v. Hertz Corporation, (1997) 59 Cal.App.4th 414, and Enterprise Rent-A-Car Company of San Francisco v. Workmen's Auto Insurance Company (1997) 58 Cal.App.4th 1543.

25

### THIRTEENTH AFFIRMATIVE DEFENSE

26
27
28

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of The Personal Responsibility Act of 1996, also known as "Proposition 213," codified in California Civil Code §3333.3 and §3333.4.

## FOURTEENTH AFFIRMATIVE DEFENSE

For each cause of action, Plaintiff has failed to mitigate or make reasonable her damages, if any, as required by law.

## FIFTEENTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to act reasonably to mitigate the injuries, if any, and damages, if any, that are alleged in the Complaint by failing to utilize available health care insurance/coverage.  Such failure to mitigate on the part of the Plaintiff bars or reduces her right to recovery any damages against this answering Defendant.

## SIXTEETH AFFIRMATIVE DEFENSE

That if Plaintiff was not insured as required by the Patient Protection and Affordable Care Act (PPACA) and the Health Care and Education Reconciliation Act of 2010, Plaintiffs' recovery herein, if any, shall not include any medical expenses incurred on a lien basis.  Alternatively, all medical expenses incurred on a lien basis and/or paid by a private third party individual, business or company, shall be reduced, and are only compensable, at reasonable reimbursable rates.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims for damages are speculative and lack necessary evidentiary support, as any purported evidence of unpaid medical bills are inadmissible and irrelevant to the reasonable value of services provided and may not, as a matter of law, support an award of damages for past or future medical expenses. (See Ochoa v. Dorado (2014) 228 Cal.App.4th 120, 138-139, see also Howell v. Hamilton (2011) 52 Cal.4th 541, 556; Corenbaum v. Lampkin (2013) 215 Cal.App.4th 1308, 1326.)

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims that he remain obligated to pay certain medical bills for treatment received in relation to their conditions or injuries allegedly as a result of the subject accident are irrelevant to any material issue of dispute in the present lawsuit. (See Ochoa v. Dorado (2014) 228 Cal.App.4th 120, 138-139, see also Howell v.

DEFENDANT, FOX RENT A CAR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  Hamilton (2011) 52 Cal.4th 541, 556; Corenbaum v. Lampkin (2013) 215 Cal.App.4th

2  1308, 1326.)

3  **NINETEENTH AFFIRMATIVE DEFENSE**

4  Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the

5  provisions of the Graves Amendment, 49 U.S.C. § 30106(a).

6  **TWENTIETH AFFIRMATIVE DEFENSE**

7  Plaintiff's recovery shall be barred, precluded and/or limited by the provisions of

8  The Federal Tort Claims Act, 28 U.S.C. Section 1346 et seq.

9  WHEREFORE, answering defendant prays that plaintiff take nothing by reason of

10  the Complaint herein, that answering defendant be dismissed hence, together with all

11  costs of suit incurred, and for such other and further relief as may be just and proper.

12

13  Dated:  July 14, 2021                    LAW OFFICES OF JOHN H. EVERETT

14

15                                           BY:    _____

16                                           JOHN H. EVERETT, ESQ.
                                             Attorneys for Defendant,
17                                           FOX RENT A CAR, INC.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT, FOX RENT A CAR, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1   John H. Everett, Esq. (Bar No. 95120)
LAW OFFICES OF JOHN H. EVERETT

2   600 West Broadway, Suite 1200
San Diego, California 92101

3   Telephone:  (619) 294-2200
Facsimile:  (619) 294-2300

4

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/22/2021** at 11:34:00 AM
Clerk of the Superior Court
By Keira McCray, Deputy Clerk

5   Attorneys for Defendant, MERCHANTS AUTOMOTIVE GROUP, INC.

6

7

8                SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO – CENTRAL DIVISION

9

10

11   MIRANDA KORIN RIVERA,

12        Plaintiff,

13        vs.

14   MERCHANTS AUTOMOTIVE GROUP,
INC., a corporation; GLENN L. DYER, JR.,

15   an individual; FOX RENT A CAR, INC., a
corporation; and DOES 1-50, inclusive,

16        Defendants.

17

| | |
|---|---|
| Case No.:  37-2020-00016275-CU-PA-CTL | |
| Judge:  Hon. John S. Meyer | |
| Dept    C64 | |
| **DEFENDANT, MERCHANTS AUTOMOTIVE GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** | |
| Complaint Filed:  05/26/20 | |

18       COMES NOW Defendant, MERCHANTS AUTOMOTIVE GROUP, INC., and

19   answering the unverified Complaint herein, for itself alone and no other defendant,

20   admits, denies and alleges as follows:

21       Under the provisions of §431.30 of the California <u>Code of Civil Procedure</u>, this

22   answering defendant denies each and every allegation and all of the allegations of said

23   Complaint, and the whole thereof, and further expressly denies that as a direct or

24   proximate result of any act or omission on the part of this answering defendant, plaintiff

25   sustained injury or damage in the amount alleged, in any amount, or at all.

26   ///

27   ///

28

## **FIRST AFFIRMATIVE DEFENSE**

The Complaint and each Cause of Action thereon fails to state facts sufficient to constitute causes of action as to this answering defendant.

## **SECOND AFFIRMATIVE DEFENSE**

If plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault and unlawful conduct of the plaintiff, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to the plaintiff.

## **THIRD AFFIRMATIVE DEFENSE**

If plaintiff suffered or sustained any damage or injury either as alleged in the Complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

## **FOURTH AFFIRMATIVE DEFENSE**

The action of plaintiff is barred by the applicable Statute of Limitations including, but not limited to, Code of Civil Procedure §335.1 and §338.

## **FIFTH AFFIRMATIVE DEFENSE**

The right of Plaintiff to recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to this answering Defendant pursuant to California Code of Civil Procedure §1431.1 through §1431.5. As such Plaintiff is barred and precluded from recovery against this answering Defendant for any noneconomic damages except those allocated in direct proportion to the percentage of fault allocated to answering Defendant.

///

///

DEFENDANT, MERCHANTS AUTOMOTIVE GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17150.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17151.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17152.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Vehicle Code §17153.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the holding in Witt v. Jackson (1961) 57 C.2d 57.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Code of Civil Procedure §389(a), (b).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the holding in Interinsurance Exchange v. Spectrum Investment Corp. (1980) 209 Cal.App.3d 1243; Mercury Casualty Company v. Hertz Corporation, (1997) 59 Cal.App.4th 414, and Enterprise Rent-A-Car Company of San Francisco v. Workmen's Auto Insurance Company (1997) 58 Cal.App.4th 1543.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of The Personal Responsibility Act of 1996, also known as "Proposition 213," codified in California Civil Code §3333.3 and §3333.4.

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

For each cause of action, Plaintiff has failed to mitigate or make reasonable her

3

damages, if any, as required by law.

4

**FIFTEENTH AFFIRMATIVE DEFENSE**

5

That Plaintiff has failed to act reasonably to mitigate the injuries, if any, and

6

damages, if any, that are alleged in the Complaint by failing to utilize available health

7

care insurance/coverage.  Such failure to mitigate on the part of the Plaintiff bars or

8

reduces her right to recovery any damages against this answering Defendant.

9

**SIXTEETH AFFIRMATIVE DEFENSE**

10

That if Plaintiff was not insured as required by the Patient Protection and

11

Affordable Care Act (PPACA) and the Health Care and Education Reconciliation Act of

12

2010, Plaintiffs' recovery herein, if any, shall not include any medical expenses incurred

13

on a lien basis.  Alternatively, all medical expenses incurred on a lien basis and/or paid

14

by a private third party individual, business or company, shall be reduced, and are only

15

compensable, at reasonable reimbursable rates.

16

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17

Plaintiff's alleged claims for damages are speculative and lack necessary

18

evidentiary support, as any purported evidence of unpaid medical bills are inadmissible

19

and irrelevant to the reasonable value of services provided and may not, as a matter of

20

law, support an award of damages for past or future medical expenses. (See Ochoa v.

21

Dorado (2014) 228 Cal.App.4th 120, 138-139, see also Howell v. Hamilton (2011) 52

22

Cal.4th 541, 556; Corenbaum v. Lampkin (2013) 215 Cal.App.4th 1308, 1326.)

23

**EIGHTEENTH AFFIRMATIVE DEFENSE**

24

Plaintiff's claims that she remains obligated to pay certain medical bills for

25

treatment received in relation to their conditions or injuries allegedly as a result of the

26

subject accident are irrelevant to any material issue of dispute in the present lawsuit.

27

(See Ochoa v. Dorado (2014) 228 Cal.App.4th 120, 138-139, see also Howell v.

28

Hamilton (2011) 52 Cal.4th 541, 556; Corenbaum v. Lampkin (2013) 215 Cal.App.4th 1308, 1326.)

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of the Graves Amendment, 49 U.S.C. § 30106(a).

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited by the provisions of The Federal Tort Claims Act, 28 U.S.C. Section 1346 et seq.

WHEREFORE, answering defendant prays that plaintiff take nothing by reason of the Complaint herein, that answering defendant be dismissed hence, together with all costs of suit incurred, and for such other and further relief as may be just and proper.


Dated:  July 22, 2021                    LAW OFFICES OF JOHN H. EVERETT


                           BY:  _____
                                    JOHN H. EVERETT, ESQ.
                                    Attorneys for Defendant,
                                    MERCHANTS AUTOMOTIVE GROUP, INC.

1  John H. Everett, Esq. (Bar No. 95120)
2  LAW OFFICES OF JOHN H. EVERETT
   600 West Broadway, Suite 1200
3  San Diego, California 92101
   Telephone:  (619) 294-2200
4  Facsimile:  (619) 294-2300

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/22/2021** at 11:34:00 AM

Clerk of the Superior Court
By Keira McCray,Deputy Clerk

5  Attorneys for Defendant, GLENN L. DYER, JR.

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF SAN DIEGO – CENTRAL DIVISION

10

11  MIRANDA KORIN RIVERA,                    )  Case No.:  37-2020-00016275-CU-PA-CTL
                                             )
12         Plaintiff,                        )  Judge:  Hon. John S. Meyer
                                             )  Dept.   C64
13     vs.                                   )
                                             )  **DEFENDANT, GLENN L. DYER, JR.'S**
14  MERCHANTS AUTOMOTIVE GROUP,              )  **ANSWER TO PLAINTIFF'S COMPLAINT**
    INC., a corporation; GLENN L. DYER, JR., )
15  an individual; FOX RENT A CAR, INC., a   )  Complaint Filed:  05/26/20
    corporation; and DOES 1-50, inclusive,   )
16                                           )
                                             )
17         Defendants.                       )
    _____ )

18

19         COMES NOW Defendant, GLENN L. DYER, JR., and answering the unverified

20  Complaint herein, for himself alone and no other defendant, admits, denies and alleges

    as follows:
21
           Under the provisions of §431.30 of the California Code of Civil Procedure, this
22
    answering defendant denies each and every allegation and all of the allegations of said
23
    Complaint, and the whole thereof, and further expressly denies that as a direct or
24
    proximate result of any act or omission on the part of this answering defendant, plaintiff
25
    sustained injury or damage in the amount alleged, in any amount, or at all.
26
    ///
27
    ///
28

**FIRST AFFIRMATIVE DEFENSE**

The Complaint and each Cause of Action thereon fails to state facts sufficient to constitute causes of action as to this answering defendant.

**SECOND AFFIRMATIVE DEFENSE**

If plaintiff suffered or sustained any damage or injury, either as alleged in the Complaint or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault and unlawful conduct of the plaintiff, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to the plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

If plaintiff suffered or sustained any damage or injury either as alleged in the Complaint, or at all, the same was directly and proximately contributed to by the negligence, recklessness, carelessness, fault, and unlawful conduct of other parties or entities, whether or not parties to this action, and damages of plaintiff, if any, shall be reduced in proportion to the amount of negligence and/or fault attributable to such other persons or entities, whether or not parties to this action.

**FOURTH AFFIRMATIVE DEFENSE**

The action of plaintiff is barred by the applicable Statute of Limitations including, but not limited to, Code of Civil Procedure §335.1 and §338.

**FIFTH AFFIRMATIVE DEFENSE**

The right of Plaintiff to recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to this answering Defendant pursuant to California Code of Civil Procedure §1431.1 through §1431.5. As such Plaintiff is barred and precluded from recovery against this answering Defendant for any noneconomic damages except those allocated in direct proportion to the percentage of fault allocated to answering Defendant.

///

///

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the holding in Witt v. Jackson (1961) 57 C.2d 57.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of California Code of Civil Procedure §389(a), (b).

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the holding in Interinsurance Exchange v. Spectrum Investment Corp. (1980) 209 Cal.App.3d 1243; Mercury Casualty Company v. Hertz Corporation, (1997) 59 Cal.App.4th 414, and Enterprise Rent-A-Car Company of San Francisco v. Workmen's Auto Insurance Company (1997) 58 Cal.App.4th 1543.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery shall be barred, precluded and/or limited pursuant to the provisions of The Personal Responsibility Act of 1996, also known as "Proposition 213," codified in California Civil Code §3333.3 and §3333.4.

### TENTH AFFIRMATIVE DEFENSE

For each cause of action, Plaintiff has failed to mitigate or make reasonable her damages, if any, as required by law.

### ELEVENTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to act reasonably to mitigate the injuries, if any, and damages, if any, that are alleged in the Complaint by failing to utilize available health care insurance/coverage.  Such failure to mitigate on the part of the Plaintiff bars or reduces her right to recovery any damages against this answering Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

That if Plaintiff was not insured as required by the Patient Protection and Affordable Care Act (PPACA) and the Health Care and Education Reconciliation Act of 2010, Plaintiffs' recovery herein, if any, shall not include any medical expenses incurred

DEFENDANT, GLENN L. DYER, JR.'S ANSWER TO PLAINTIFF'S COMPLAINT

1  on a lien basis.  Alternatively, all medical expenses incurred on a lien basis and/or paid
2  by a private third party individual, business or company, shall be reduced, and are only
3  compensable, at reasonable reimbursable rates.

4  ### THIRTEENTH AFFIRMATIVE DEFENSE

5  Plaintiff's alleged claims for damages are speculative and lack necessary
6  evidentiary support, as any purported evidence of unpaid medical bills are inadmissible
7  and irrelevant to the reasonable value of services provided and may not, as a matter of
8  law, support an award of damages for past or future medical expenses. (See Ochoa v.
9  Dorado (2014) 228 Cal.App.4th 120, 138-139, see also Howell v. Hamilton (2011) 52
10  Cal.4th 541, 556; Corenbaum v. Lampkin (2013) 215 Cal.App.4th 1308, 1326.)

11  ### FOURTEENTH AFFIRMATIVE DEFENSE

12  Plaintiff's claims that she remains obligated to pay certain medical bills for
13  treatment received in relation to their conditions or injuries allegedly as a result of the
14  subject accident are irrelevant to any material issue of dispute in the present lawsuit.
15  (See Ochoa v. Dorado (2014) 228 Cal.App.4th 120, 138-139, see also Howell v.
16  Hamilton (2011) 52 Cal.4th 541, 556; Corenbaum v. Lampkin (2013) 215 Cal.App.4th
17  1308, 1326.)

18  ### FIFTEENTH AFFIRMATIVE DEFENSE

19  Plaintiff's recovery shall be barred, precluded and/or limited by the provisions of
20  The Federal Tort Claims Act, 28 U.S.C. Section 1346 et seq.

21  WHEREFORE, answering defendant prays that plaintiff take nothing by reason of
22  the Complaint herein, that answering defendant be dismissed hence, together with all
23  costs of suit incurred, and for such other and further relief as may be just and proper.

24

25  Dated:  July 22, 2021                    LAW OFFICES OF JOHN H. EVERETT

26

27                            BY:  _____
28                                 JOHN H. EVERETT, ESQ.
                                 Attorneys for Defendant,
                                 GLENN L. DYER, JR.